**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ORA JOSEPH DONALDSON, JR., PATRICIA HAMMER, | : : : | Case No. 3:22-cv-368 |
| Plaintiffs, | : : : | Judge Walter H. Rice |
| vs. | : : | Magistrate Judge Peter B. Silvain, Jr. |
| CITY OF DAYTON OHIO POLICE DEPARTMENT, ET. AL., | : : : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS ON INITIAL REVIEW

Plaintiffs Ora Joseph Donaldson, Jr. ("Donaldson") and Patricia Hammer ("Hammer"), proceeding *pro se*, have filed an action under 42 U.S.C. § 1983, for "civil and constitutional rights" violations, *see* ECF No. 1-1 at 2, which has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. Plaintiffs have been granted leave to proceed *in forma pauperis*. ECF No. 4. The matter is currently before the undersigned Magistrate Judge to conduct the initial screen required by law. 28 U.S.C. § 1915A(a).

For the reasons stated below, the Court **RECOMMENDS** that Plaintiffs' claims be **DISMISSED with prejudice** based on their claims falling outside the limitations period for actions brought under 42 U.S.C. § 1983.

## I. STANDARD

Because Plaintiffs are proceeding *in forma pauperis* and seeking "redress from a

governmental entity or officer or employee of a governmental entity," and are also incarcerated,[1] the Court is required to conduct an initial screen of their Complaint. 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous if the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or 'wholly incredible.'" *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional," *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), or "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429-30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] Donaldson is currently incarcerated at the North Central Correctional Institution in Marion, Ohio, and Hammer is housed at the Ohio Reformatory for Women in Marysville, Ohio. ECF No 1-1 at 2.

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint that consists of mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f)). Even with such a liberal construction, however, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory.'" *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II. BACKGROUND

Plaintiffs' brief Complaint alleges civil rights and constitutional violations stemming from various events beginning in 2005, leading up to their arrest and detention on May 19, 2020, naming the City of Dayton Ohio Police Department, Officers Timmy Battley and Jeremy Campbell, Detective Curry Mire, and Sgt. Terry Bartlett as defendants. ECF No. 1-1 at 1, 3. Plaintiffs allege Defendants have violated their Fourth, Fifth, Sixth and Fourteenth Amendment rights by "harassing" Plaintiffs for years. *Id.* at 2. Specifically, Plaintiffs allege that beginning in 2005 they have been falsely detained, searched, held without bail or bond, stopped and asked for identification, and arrested without probable cause or a search warrant, property has been searched, taken from them, and been given to others, also without a warrant or other authorization by Defendants on numerous, but undetailed, occasions. *Id.* They seek $4,200,000 dollars in damages

and an injunction "keep[ing] the Dayton Police Department and its officers away from [them]." *Id.*

### III. RECOMMENDATIONS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996).

As an initial matter, Plaintiffs allege "civil rights" and "constitutional" violations, but do not state if their claims arise under 42 U.S.C. § 1983 or also under state law. *See* ECF No. 1-1. As such, for the purposes of initial review the Court analyzes the Complaint as if Plaintiffs allege all claims under both state and federal law. For the reasons stated below this Court recommends all federal claims be dismissed pursuant to Section 1915(e) as time-barred by the limitations period applicable to § 1983 claims brought in Ohio, and that the District Court decline to exercise supplemental jurisdiction and dismiss any remaining state law claims, to the extent they exist.

### A.  42 U.S.C. § 1983

Two elements are required to state a claim under Section 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

For the reasons that follow here, this Court concludes that Plaintiffs' conclusory claims are barred by the two-year limitations period for § 1983 claims, are brought against an entity not capable of being sued, and fail to meet the pleading standard for bringing claims against any of the other defendants named in the suit.

### 1. Limitations period Under 42 U.S.C. § 1983

As a general rule, federal courts apply state personal injury statutes of limitations to claims brought under § 1983. *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) (citing *Wilson v. Garcia,* 471 U.S. 261, 276 (1985)). In Ohio the two-year statute of limitations for bodily injury applies to § 1983 claims. *See LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir. 1995). A claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action." *Harris v. German Twp.*, No. 3:19-CV-341, 2022 WL 866815, at *5 (S.D. Ohio Mar. 23, 2022) (citing *Cooey v. Strickand*, 479 F.3d 412, 416 (6th Cir. 2007)).

As all of Plaintiffs' claims arise from events occurring on May 19, 2020, or earlier, it is facially apparent that the statute of limitations for bringing a § 1983 claim expired before Plaintiffs filed this action. The conduct alleged in the Complaint began over seventeen years ago in 2005, and sporadically continued through May 19, 2020, when Plaintiffs were arrested. ECF No. 1-1 at 2–3. This action was filed on December 15, 2022, over two years after the May 19, 2020, date that the final factual allegations set forth in the Complaint took place, *id.* at 2, and there is no indication Plaintiffs were not aware of their alleged injuries at the time they accrued.

Moreover, while a limitations period may be tolled where a "continuing violation" has occurred, in order to establish a continuing violation Plaintiffs must show that the defendants' wrongful conduct continued after the precipitating event that began the pattern, that injury to the plaintiffs continued to accrue after that event, and that further injury to the plaintiffs must have

been avoidable if the defendants had at any time ceased their wrongful conduct. *Tolbert v. State of Ohio Dep't of Transp.,* 172 F.3d 934, 940 (6th Cir. 1999). While arguably Plaintiffs' Complaint could be read as alleging their current incarceration is a continuing violation as it stems from the alleged wrongful conduct that occurred in May of 2020, continuing ill effects of allegedly unlawful conduct do not constitute a continuing violation. *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631 (6th Cir. 2007) (holding that a claim was time barred where a children's services agency removed a plaintiff's children and started legal proceedings against him outside a limitations period even though the removal of the children and legal proceedings continued inside the limitations period). Therefore, as all of Plaintiffs' claims arise from events occurring on May 19, 2020, or earlier, and their current incarceration as a result of any alleged wrongful conduct does not establish a continuing violation which would support the tolling of the limitations period, it is facially apparent that the statute of limitations for bringing a § 1983 claim expired before Plaintiffs filed this action.

Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. *Castillo,* 52 F. App'x at 751 (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious). As there is no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred, *see Brown v. City of Ashtabula*, No. 1:10CV1740, 2010 WL 4316849, at *1 (N.D. Ohio Oct. 26, 2010) (collecting cases), the Court **RECOMMENDS** that all claims against all Defendants be **DISMISSED with prejudice**.

## 2. The City of Dayton Ohio Police Department

While the Court need not consider if Plaintiffs pled facts that would substantively support a cause of action against any of the defendants as their claims are time-barred, even if Plaintiffs' Complaint was not time-barred, a police department cannot be named as a defendant as it is not a formal entity capable of being sued. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994). This is so as police departments are "merely a municipal agency or department of the city rather than a separate legal entity." *Brown*, 2010 WL 4316849, at *1 (citing *Obert v. The Pyramid,* 381 F.Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally existing entity)). Therefore, even if Plaintiffs claims could proceed, any claims against the City of Dayton Police Department would be subject to dismissal.

## 3. Claims against the remaining defendants

The Court also notes that while Plaintiffs do not state whether they seek to pursue claims against officers Timmy Battley and Jeremy Campbell, Detective Curry Mire, and Sgt. Terry Bartlett (the "Police Department Defendants") in their individual capacities, official capacities, or both, *see* ECF No. 1-1 at 1, even if the statute of limitation did not require dismissal of all claims, their claims against the Police Department Defendants should fail.[2]

As an initial matter, dismissal of the Police Department Defendants from this suit in any capacity is appropriate as Plaintiffs named them as defendants but never made any specific

---

[2] "When a plaintiff 'fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether' the official has notice." *Vittetoe v. Blount Cnty., Tennessee*, 861 F. App'x 843, 851 (6th Cir. 2021) (quoting *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001)). The course-of-the-proceedings test which "considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at 851 (citing *Moore*, 272 F.3d at 772 n.1). Generally, in the Sixth Circuit, where a plaintiff does not indicate whether a government official is sued in his or her individual or official capacity, only "absent *any* indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities." *Moore*, 272 F.3d at 772 (emphasis in original) (internal citation and quotation omitted).

allegations involving any of them by name.  *Tsibouris v. Colerain Twp.*, No. 1:22-CV-458, 2022 WL 3716028, at *3 (S.D. Ohio Aug. 29, 2022) (citing *Iqbal*, 556 U.S. at 678; *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)).  Federal Rule of Civil Procedure 8(a) requires a party to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  "A pro se complaint which merely names a person as a defendant without alleging how the named defendant was involved in any alleged constitutional violation will be subject to dismissal."  *Marshall v. Ohio Dep't of Rehab. & Corr.*, No. 2:14-CV-338, 2016 WL 109806, at *1 (S.D. Ohio Jan. 11, 2016) (citing *Gilmore Corrections Corp. of America*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.")).

The Complaint's substantive factual allegations fail to mention any of the Police Department Defendants by name or by general title nor are there any allegations concerning acts or omissions by the named individuals.[3]  *Cruz v. Dart*, No. 11 C 00630, 2012 WL 5512275, at *4 (N.D. Ill. Nov. 13, 2012) (dismissing named defendants finding the complaint was closer to the "skeletal complaint" in *Potter,* 497 F.2d 1206 as opposed to complaints containing allegations that "specific defendants engaged in specific conduct" such as in *Lewis v. Cook County Department of Corrections,* 28 F.Supp.2d 1073 (N.D. Ill. 1998)).  Instead, the Complaint simply refers to the Dayton Police Department generally in connection with each cause of action alleged.  Accordingly,

---

In the Complaint Plaintiffs request money damages from the Police Department Defendants and utilize their official titles of "Officer," "Detective," and "Sgt" when naming them as defendants, but do not mention them individually in their Complaint and fail to utilize specific language indicating any of them were acting for him or herself or otherwise acting as an individual.

[3] As previously noted, the Complaint is also woefully deficient regarding dates and times of the alleged deprivations. Indeed, aside from the May 19, 2020, arrest date and the reference to 2005 as the beginning of the alleged harassment by the Dayton Ohio Police Department, the Complaint mentions no specific times and contains only vague references to events.

Plaintiffs fail to state a claim upon which relief may be granted against the Police Department Defendants in their Complaint, and it should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Moreover, even without these shortcomings, to the extent Plaintiffs sought to bring claims against the Police Department Defendants in their official capacities, those claims also would certainly fail as "where '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). It follows that, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" and is therefore no different from a suit against the state itself. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). As the Police Department Defendants are employed by City of Dayton Police Department, any claims against them in their official capacities would be construed as claims against the city of Dayton, Ohio.

Local governments like the city of Dayton, Ohio "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom." *Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit*, 876 F.3d 238, 243 (6th Cir. 2017)). A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following: "(1) the existence of an illegal official

9

policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

In this case, Plaintiffs appear to allege that the Police Department Defendants have participated in some form of systemic harassment of Plaintiffs, concluding they were subject to "years of harassment" by "the Dayton Ohio Police Department and its officers, and detectives," supporting their claims with conclusory details regarding "several occasions" where they were arrested under false pretense, illegally detained and searched, had unreasonable force used against them, and had property stolen. ECF No. 1-1 at 3. No details are contained in the Complaint regarding what individual officers were involved in any event, or any specific details about any of the alleged incidents, or any details regarding any alleged policy or custom.

Conclusory claims unsupported by specific facts are insufficient to state a plausible claim for relief. *See High v. Silverdal Core Civic of Am.*, No. 1:19-CV-00214, 2019 WL 4723803, at *1 (E.D. Tenn. Sept. 26, 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Because Plaintiffs' allegations contain no specific details regarding any of the alleged violations at issue, Plaintiffs cannot establish that an unconstitutional custom or policy existed which would allow them to proceed against the Police Department Defendants in their official capacities. *Burgess*, 735 F.3d at 479 (finding a plaintiff failed to set forth sufficient facts to establish an unconstitutional custom or policy as plaintiff failed to supply specific details that the municipality had ignored a history (pattern) of abuse and was clearly on notice that it existed). Therefore, any claims against the Police Department Defendants in their official capacities should also fail.

10

**B. State Law Claims**

Although Plaintiffs do not allege or otherwise indicate in their Complaint that they wish to proceed under Ohio state law, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949 (6th Cir. 2010). While courts in this circuit have exercised supplemental jurisdiction over remaining state law claims following federal claim dismissals, additional circumstances must exist to allow a case to remain in federal court such as: the length of time a case had been pending prior to dismissal of the federal claims, the level of familiarity the court had with the facts of the case, or where forum shopping was an issue. *See Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195 (6th Cir. 2004). "[T]he values of judicial economy, convenience, fairness, and comity" have also been considered when considering whether to exercise supplemental jurisdiction. *Gamel*, 625 F.3d at 951-52 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, (1988)). Ultimately, "[w]hen the ... federal-law claim[s] in the action [have been] eliminated at an early stage of the litigation, [a] District Court ha[s] a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon*, 484 U.S. at 351.

Here, as at the initial review stage this case is still in its infancy, and as the Court recommends all federal claims be dismissed as time-barred, and there are no other factors which would suggest an exercise of supplemental jurisdiction is appropriate, the Court **RECOMMENDS** that supplemental jurisdiction be declined and any remaining state law claims against all defendants be **DISMISSED**.

## IV.  CONCLUSION

Having conducted the initial screen required by law, **IT IS THEREFORE RECOMMENDED THAT:** Plaintiffs' Complaint be **DISMISSED with prejudice** in its entirety.

The Court further **RECOMMENDS** that the District Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiffs to appeal *in forma pauperis* should be denied.

### Procedure on Objections to Report and Recommendations

If any party objects to this Report and Recommendations, that party may, **within fourteen (14) days** of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED.**


April 13, 2023                              *s/Peter B. Silvain, Jr.*
                                           Peter B. Silvain, Jr.
                                           UNITED STATES MAGISTRATE JUDGE